**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alex Ramsey, | ) | No. 05-3130-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| State of Arizona, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court are the State of Arizona's Motion to Dismiss (doc. 16); Denton's and Yavapai Community Hospital Association's Motion to Dismiss; (doc. 19); Mario Gabaldon's Motion to Dismiss (doc. 22); and Larayne and John Doe Ness' Motion to Dismiss (doc. 42). The Court now rules on the motions.

I.      INTRODUCTION

On January 12, 2006, the Plaintiff, Alex Ramsey, amended his Complaint. The Amended Complaint alleges Eleven Counts: (1) negligence and/or gross negligence; (2) malicious prosecution; (3) abuse of process; (4) false light invasion of privacy; (5) wrongful intrusion upon private affairs; (6) false arrest and imprisonment; (7) intentional infliction of emotional distress; (8) aiding and abetting tortious conduct; (9) violations of 42 U.S.C. § 1983; (10); defamation; and (11) loss of consortium. The Defendants have moved to dismiss all Eleven Counts of the Complaint on various different legal theories. Because some of the Defendants' arguments overlap, the Court will organize its Order by legal issue rather than

1   by motion.

2   II.    LEGAL ANALYSIS AND CONCLUSION

3          A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6)

4   only when it is "beyond doubt" that the plaintiff cannot set forth any facts which would

5   entitle it to relief.  Fed. R. Civ. P. 12(b)(6); *Osborne v. Dist. Attorney's Office,*  423 F.3d

6   1050, 1052 (9th Cir. 2005).   In making this determination, the complaint is liberally

7   construed in the plaintiff's favor and all material facts alleged therein are taken as true.  *Gila*

8   *River Indian Cmty. v. Waddell,* 967 F.2d 1404, 1412 (9th Cir. 1992); *Rosen v. Walters,* 719

9   F.2d 1422, 1424 (9th Cir. 1983).

10         A Rule 12(b)(6) dismissal must be based on either: (1) the lack of a cognizable legal

11  theory; or (2) insufficient facts to support a cognizable legal claim.   *Balistreri v. Pacifica*

12  *Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,*

13  749 F.2d 530, 534 (9th Cir. 1984).   Leave to amend should be granted unless it appears

14  beyond doubt that there are "no set of facts" which would entitle the party to relief under the

15  asserted claim. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see also*

16  *Balistreri,* 901 F.2d at 701.

17         A.     Qualified Immunity

18         The State of Arizona argues that it is immune from suit and must be dismissed from

19  this case.  The Court agrees.

20         The Eleventh Amendment bars a citizen of a state from suing that state in federal

21  court. *Edelman v. Jordan,* 415 U.S. 651, 662-63, 94 S.Ct. 1346, 1355-56 (1974); *Franchesci*

22  *v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1994).  The Plaintiff does not cite any cases, and the

23  Court can find no authority, in support of his argument that Eleventh Amendment immunity

24  has been abolished in the State of Arizona.  Additionally, although the Plaintiff claims that

25  the State consented to suit, the Plaintiff provides absolutely nothing in support of this bare

26  allegation.   There is absolutely no evidence before this Court suggesting that the State

27  consented to suit.

28         The Court finds that the State of Arizona is immune from suit. *Edelman,* 415 U.S. at

1   662-63, 94 S.Ct. at 1355-56; *Franchesci,* 57 F.3d at 831.  Accordingly, the claims against the

2   State of Arizona must be dismissed.

3          B.     Failure to Comply with A.R.S. § 12-821.01

4         Defendant Gabaldon argues that the state law claims against him must be dismissed

5   because the Plaintiff failed to file a notice of claim as required by A.R.S. 12-821.01.  Again,

6   the Court agrees.  A notice of claim is a prerequisite to suit against a public entity or

7   employee.  A.R.S. § 12-821.01.

8         A.R.S. § 12-821.01 requires persons who have claims against a public entity or a

9   public employee to file a notice of claim with the person authorized to accept service within

10  180 days after the cause of action accrues.  Any claim which is not filed within180 days after

11  the cause of action accrues" is barred and no action may be maintained thereon."  *Stulce v.*

12  *Salt River Project Agr. Imp. and Power Dist.,* 197 Ariz. 87, 90, 3 P.3d 1007, 1010 (Ct. App.

13  2000).

14        It appears that Defendant Gabaldon was not provided with a notice of claim in this

15  case.  *See, e.g., Crum v. Superior Court,* 186 Ariz. 351, 352, 922 P.2d 316, 317 (Ct. App.

16  1996) (if act was allegedly committed within the course and scope of employment individual

17  notice of claim must be given both to public entity and its employee); *Johnson v. Superior*

18  *Court*, 158 Ariz. 507, 509-10, 763 P.2d 1382, 1384-85 (Ct. App. 1988) (same).  Therefore,

19  as to Defendant Gabaldon, Counts One, Two, Three, Four, Five, Six, Seven, Eight, Ten and

20  Eleven are dismissed.

21         C.     Failure to Comply with the Applicable Statute of Limitation

22        In Arizona, the statute of limitation period for personal injury actions is two-years.

23  A.R.S. § 12-542.  This includes actions against Arizona officials under 42 U.S.C. § 1983.

24  *See, e.g., Vaughan v. Grijalva,* 927 F.2d 476, 478 (9th Cir. 1991) (because section 1983 does

25  not contain a statute of limitations, we borrow the state law statute of limitations for tort

26  claims).  Plaintiff alleges that Gabaldon's wrongful conduct took place on September 23,

27  2003.  The Plaintiff filed his Complaint on October 6, 2005.  Therefore, the civil rights claim

28  against Gabaldon is barred by the two-year statute of limitations.

1     As to Defendant Gabaldon, Count Nine is also dismissed.

2     D.     Count Nine: 42 U.S.C. § 1983

3     Claims brought under section 1983 apply only to "persons."  The State of Arizona is

4  not a proper party to Count Nine[1] and must be dismissed from that cause of action.  Similarly,

5  state officials acting in their official capacities are not persons within the meaning of section

6  1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct 2304, 2312 (1989).

7  Therefore, none of the Defendants being sued in their official capacities can be held liable

8  under section 1983 for money damages and must be dismissed from that cause of action.

9  This includes Defendant Larayne Ness.

10     Defendant Denton is an individual.  Defendant John Doe Ness is an individual.[2]

11  Defendant Yavapai Community Hospital Association is a privately owned non-profit

12  corporation.  All are private actors.  And, in the absence of facts suggesting that they acted

13  under color of law, they cannot be held liable under 42 U.S.C. § 1983.  A bare allegation of

14  joint action between private persons and state officials will not overcome a motion to

15  dismiss.  *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir. 2000).  Thus, despite the

16  liberal notice pleading standard, the Plaintiff's claim of joint action cannot stand.  *See id.*

17     Count Nine of the Plaintiff's Complaint is dismissed as to all the Defendants.

18     E.     Remaining Substantive Claims

19     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which

20  provides: "The district courts shall have original jurisdiction of all civil actions arising under

21  the Constitution, laws, or treaties of the United States."  Because the only claim conferring

22  jurisdiction over this Court has been dismissed and there is no other basis for jurisdiction, the

23  Court declines to hear the merits of the remaining state law claims.  *Religious Technology*

24  *Center v. Wollersheim,* 971 F.2d 364, 368 (9th Cir. 1992) (internal citation and quotation

25

26     [1] The Plaintiff is asking for monetary damages, not injunctive or declaratory relief.

27     [2] All Doe Defendants would have properly been dismissed prior to trial.  John Doe
28  Ness was the hypothetical named husband of Larayne Ness.

1   omitted) (when all federal claims are dismissed before trial pendant state claims also should

2   be dismissed); *Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d

3   646, 651 (9th Cir. 1984) (same).  Accordingly, the Plaintiff's state law claims are dismissed.

4   III.     CONCLUSION

5          Because the Court has dismissed this action, it need not rule on the remaining issues

6   raised in the Defendant's motions.   Accordingly it denies all remaining substantive

7   arguments as moot.  This is not a ruling on the merits, and does not impact the Defendants'

8   ability to re-raise any and all arguments in the Motion to Dismiss should the Plaintiff re-file

9   his claims in state court.

10         Accordingly,

11         IT IS ORDERED GRANTING Defendant Gabaldon's Motion to Dismiss (doc. 22).

12   Defendant Gabaldon is dismissed from this action with prejudice.

13         IT IS FURTHER ORDERED GRANTING the Defendant State of Arizona's Motion

14   to Dismiss (doc. 16).   Defendant State of Arizona is dismissed from this action with

15   prejudice.

16         IT IS FURTHER ORDERED DISMISSING COUNT NINE of the Plaintiff's

17   Complaint with prejudice.

18         IT IS FURTHER ORDERED all remaining state law claims are DISMISSED

19   WITHOUT PREJUDICE to re-file in state Court, if applicable.

20   / / /

21

22

23

24

25

26

27

28

1    IT IS FURTHER ORDERED GRANTING IN PART Defendants Denton's and

2 Yavapai Community Hospital's Motion to Dismiss (doc. 19).  With respect to the state law

3 claims, the motion is denied as moot. With respect to Count Nine of the Plaintiff's

4 Complaint, Defendants Denton and Yavapai Community Hospital are dismissed with

5 prejudice.

6    IT IS FURTHER ORDERED granting in part Defendants Larayne and John Doe

7 Ness' Motion to Dismiss (doc. 42).  With respect to the state law claims, the motion is denied

8 as moot. With respect to Count Nine of the Plaintiff's Complaint, Defendants Larayne and

9 John Doe Ness are dismissed with prejudice.

10    IT IS FURTHER ORDERED the Clerk of the Court is instructed to terminate this

11 case.

12    DATED this 24th day of August, 2006.

14

15    _____
      James A. Teilborg
16    United States District Judge

- 6 -