**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Ramsey, | ) No. 05-3130-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| State of Arizona et al., | ) |
| Defendant. | ) |

Pending before the Court is the Plaintiff's Motion to Reconsider (doc. 61). The Court now rules on the motion.

I.  INTRODUCTION

The Court entered an Order granting several motions, including a motion to dismiss, and dismissing this case on August 25, 2006. Judgment was entered that same day. The Judgment was subsequently amended/corrected by the Clerk of the Court on September 6, 2006, and again on September 8, 2008. The Plaintiff filed a Motion to Reconsider on September 17, 2006.

II.  LEGAL STANDARD AND ANALYSIS

Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in

controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. *See, e.g., Fed. Deposit Ins. Agency v. World Univ.,* 978 F.2d 10, 16 (1st Cir. 1992). Additionally, any motion to reconsider pursuant to Rule 59(e) must "be filed no later than 10 days after entry of the judgment."

Here, the Plaintiff timely filed his Motion for Reconsideration on September 17, 2006. The Plaintiff does not contend that there is newly discovered previously unavailable evidence or that there has been an intervening change in controlling law. Rather, he disagrees with several of the Court's legal conclusions.

The arguments in the Motion to Reconsider are nothing more than a re-argument of the facts previously presented to the Court in the opposition to the Motion to Dismiss, or new arguments that should have been presented at that time. As noted previously, Rule 59 motions cannot be used to ask the Court "to rethink what the court has already thought through," merely because a plaintiff disagrees with the Court's decision. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 8 (N.D. Ill. 1983). Such disagreements should be dealt with in the normal appellate process. *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993); *Refrigeration Sales Co,* 605 F.Supp. at 7.

/ / /

III. CONCLUSION

This case does not fall within one of those narrow instances where reconsideration is appropriate. The moving party must show more than a disagreement with the court's decision; the court should not grant a motion for reconsideration unless there is need to correct a clear error of law or prevent manifest injustice. *Database Am., Inc.* 825 F.Supp. at 1220; *Refrigeration Sales Co., Inc.,* 605 F.Supp. at 7. Such is not the case here. The Plaintiff has failed to present this Court with cause to reconsider its August 25, 2006, Order granting the Defendants' Motion to Dismiss. For the reasons set forth above, the Plaintiff's motion is denied.

Accordingly,

IT IS ORDERED DENYING the Plaintiff's Motion to Reconsider (doc. 61).

DATED this 21st day of September, 2006.

James A. Teilborg
United States District Judge