1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Alex Ramsey,                          )   No. 05-3130-PCT-JAT
                                          )
10              Plaintiff,                 )   **ORDER**
                                          )
11  vs.                                    )
                                          )
12                                         )
    State of Arizona, et al.,              )
13                                         )
                Defendant.                 )
14                                         )
    _____       )
15

16          Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. #61).  For

17  the following reasons, Plaintiff's Motion for Reconsideration is GRANTED.

18

19  **I.      INTRODUCTION**

20          Plaintiff Alex Ramsey was accused of molesting his daughter Eden.  Eden was

21  subjected to numerous interviews by law enforcement personnel regarding the abuse that

22  allegedly occurred when she was four-years-old.  As a result of the investigation, Plaintiff

23  was arrested and imprisoned in Yavapai County Jail on September 23, 2003.  Ultimately, the

24  charges against Plaintiff were dismissed on October 7, 2004, and he was released on October

25  8, 2004.  Plaintiff filed his complaint on October 6, 2005.  (Doc. #1).  Plaintiff filed an

26  Amended Complaint on January 12, 2006 (Doc. #5).

27          Plaintiff's Amended Complaint names the following Defendants: the State of Arizona;

28  Yavapai County; Clyde Bentley; Stacey Ann Bentley; Mario Gabaldon; Donna Gabaldon;

1   Steven Young; Wendy Arlene Young; Yavapai Family Advocacy Center; Larayne Ness;

2   John Doe Ness; Brenda Sheets; John Doe Sheets; Yavapai Community Hospital Association

3   ("Hospital"); Judy Denton; John Doe Denton; Cappriella McQuiston; John Doe McQuiston;

4   Autumn Renee Sechez; and Michael Sechez.   The Amended Complaint alleges Eleven

5   Counts against all Defendants:   (1) negligence and/or gross negligence; (2) malicious

6   prosecution; (3) abuse of process; (4) false light invasion of privacy; (5) wrongful intrusion

7   upon private affairs; (6) false arrest and imprisonment; (7) intentional infliction of emotional

8   distress; (8) aiding and abetting tortious conduct; (9) violations of the Civil Rights Act of

9   1871, 42 U.S.C. § 1983; (10) defamation and defamation per se; and (11) loss of consortium.

10          The following Defendants moved to dismiss all Eleven Counts of the Amended

11  Complaint on various legal theories: the State of Arizona (doc. #16); Hospital, Judy Denton

12  and John Doe Denton (doc. #19); Mario Gabaldon (doc. #22); Larayne Ness and John Doe

13  Ness (doc. #42); and Donna Gabaldon (doc. #46).   The Court issued an Order (doc. #57) that

14  dismissed Defendant State of Arizona and Defendant Mario Gabaldon with prejudice.   As

15  to remaining Defendants, the Order dismissed Count Nine with prejudice and it dismissed

16  all remaining state law claims without prejudice to Plaintiff to re-file in state court if

17  applicable.   Plaintiff then filed his Motion for Reconsideration, which the Court denied.

18  (Doc. #63).  On September 28, 2006, however, the Court *sua sponte* issued an Order vacating

19  the Court's Order denying Plaintiff's Motion for Reconsideration.   (Doc. #64).  With this

20  Order, the Court also vacates its previous Order of August 25, 2006 (doc. #57).

21  **II.    LEGAL ANALYSIS AND CONCLUSION**

22          **The State of Arizona**

23          **A.    Qualified Immunity**

24          The State argues that the Court should dismiss it because it is immune from suit in

25  federal court under the Eleventh Amendment.  The Eleventh Amendment provides that "[t]he

26  Judicial power of the United States shall not be construed to extend to any suit in law or

27  equity, commenced or prosecuted against one of the United States by Citizens of another

28  State, or by Citizens or Subjects of any Foreign State."   U.S. Const. amend. XI.  The

1  Eleventh Amendment therefore bars federal jurisdiction over suits against a non-consenting

2  state. *See, e.g., Seminole Tribe of Florida. v. Florida*, 517 U.S. 44, 62-65 (1996) (reaffirming

3  strength of Eleventh Amendment and fundamental importance of each state's sovereign

4  immunity).  In other words, the Eleventh Amendment bars a citizen of a state from suing that

5  state in federal court.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Franchesci v.*

6  *Schwartz*, 57 F.3d 828, 831 (9th Cir. 1994).

7        Two exceptions to Eleventh Amendment immunity exist:  (1) state conduct waiving

8  immunity and (2) Congressional abrogation of immunity. *Hibbs v. Dep't of Human Res.*, 273

9  F.3d 844, 850 (9th Cir. 2001).  As to the first exception, a state may waive its immunity by

10  either voluntarily invoking the jurisdiction of the federal court or by making a "clear

11  declaration" that it intends to submit itself to federal jurisdiction.  *College Sav. Bank v.*

12  *Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999).

13  Alternatively, Congress may abrogate a state's Eleventh Amendment immunity through

14  federal legislation.  Evidence of Congressional abrogation of immunity must be "both

15  unequivocal and textual."  *Dellmuth v. Muth*, 491 U.S. 223, 230 (1989).

16        Absolutely no evidence exists here of Congressional abrogation of immunity or of

17  consent to suit by the State.  Moreover, Plaintiff has conceded that Defendant State of

18  Arizona should be dismissed.  The Court finds Defendant State of Arizona immune from suit.

19  *Edelman*, 415 U.S. at 662-63.  The claims against Defendant State of Arizona therefore must

20  be dismissed.

21        **Mario Gabaldon**

22        Plaintiff alleges that on September 23, 2003, Defendant Mario Gabaldon, an

23  investigator with the State of Arizona Child Protective Services, conducted a lengthy and

24  suggestive interview of Eden.  Plaintiff further alleges that all Defendants' actions

25  contributed to his arrest and imprisonment.  Defendant Mario Gabaldon argues that Plaintiff

26  failed to comply with the applicable state and federal statutes of limitations.

27        **A.      Statute of Limitations**

28        "[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f

- 3 -

1    the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter*
2    *& Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir.
3    1979)).  But even if the relevant dates alleged in the complaint are beyond the statutory
4    period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff
5    can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v.*
6    *City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United*
7    *States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).  Indeed, "[d]ismissal on statute of limitations
8    grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the
9    complaint, read with the required liberality, would not permit the plaintiff to prove that the
10   statute was tolled." *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  "Because the
11   applicability of the equitable tolling doctrine often depends on matters outside the pleadings,
12   it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Hernandez*, 138 F.3d
13   at 402.

14           The statute of limitations period in Arizona for personal injury actions is two years.
15   Ariz. Rev. Stat. Ann. § 12-542 (2006).  The two-year limitations period also applies to all
16   actions in Arizona under 42 U.S.C. § 1983.  *See, e.g., Vaughan v. Grijalva,* 927 F.2d 476,
17   478 (9th Cir. 1991) (because 42 U.S.C. § 1983 does not contain a statute of limitations we
18   borrow the state law statute of limitations applicable to personal injury claims in the forum
19   state).  All of Plaintiff's other state claims are subject to a one-year statute of limitation.
20   A.R.S. § 12-821 provides that "[a]ll actions against any public entity or public employee
21   shall be brought within one year after the cause of action accrues and not afterward."  Ariz.
22   Rev. Stat. Ann. § 12-821 (2006).  Arizona Revised Statute § 12-541 states that "[t]here shall
23   be commenced and prosecuted within one year after the cause of action accrues, and not
24   afterward, the following actions:  1) For malicious prosecution, or for false imprisonment,
25   or for injuries done to the character or reputation of another by libel or slander . . . ."  Ariz.
26   Rev. Stat. Ann. § 12-541 (2006).  All of Plaintiff's claims therefore are subject to either a
27   one-year limitation or a two-year limitation.

28

1    Even though the federal courts borrow state statutes of limitations for 42 U.S.C. §
2    1983 claims, "federal, not state law determines when a civil rights claim accrues."
3    *TwoRivers*, 174 F.3d at 991. "Under federal law, a claim accrues when the plaintiff knows
4    or has reason to know of the injury which is the basis of the action." *Id*. at 991. Similarly,
5    under Arizona law, a cause of action accrues when the party knows or should have known
6    through the exercise of reasonable diligence the facts underlying the cause. *Gust, Rosenfeld*
7    *& Henderson v. Prudential Ins. Co. of America*, 898 P.2d 964, 966 (1995).

8    Plaintiff's Amended Complaint contains no allegations that the statute of limitations
9    should be tolled. Defendants therefore are entitled to urge the statute of limitations defense
10   because the running of the statute of limitations is apparent on the face of the Amended
11   Complaint. Notably, Plaintiff has conceded that his claimed injury is his arrest and
12   imprisonment, which occurred as a result of allegations of molestation by Plaintiff's daughter
13   Eden. Plaintiff's cause or causes of action against Defendant Mario Gabaldon therefore
14   accrued at least as early as September 23, 2003, the day he was arrested and imprisoned. On
15   or before September 23, 2003, Plaintiff knew he had been wronged by one or more parties.
16   Furthermore, Plaintiff does not suggest that Defendants were unknown to him or that they
17   could not have been discovered with reasonable diligence. Thus, as to Defendant Mario
18   Gabaldon, the one-year statute of limitations expired on September 23, 2004, and the two-
19   year statute of limitations expired on September 23, 2005. Plaintiff did not file his complaint
20   until October 6, 2005. (Doc. #1). Consequently, Plaintiff's claims against Defendant Mario
21   Gabaldon are barred by the statute of limitations.

22   Additionally, Plaintiff gives no explanation as to how he knew enough to file his
23   complaint on October 6, 2005, but not enough to file it two weeks earlier. There is no
24   indication that he discovered new evidence during those two weeks. Plaintiff has made no
25   showing that what he knew on October 6, 2005, was not known or knowable two weeks
26   earlier. It seems that Plaintiff mistakenly believed the statute of limitations did not begin to
27   run until he was released from prison on October 8, 2004.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Tolling

Where the federal courts borrow the state statute of limitations for 42 U.S.C. § 1983 claims, they also borrow the forum state's tolling rules.  *TwoRivers*, 174 F.3d at 992. Plaintiff argues that the statute of limitations could have been tolled under four theories:  1) equitable estoppel, 2) unsound mind, 3) the discovery rule, and 4) preclusion from effective access to the legal system.

First, Plaintiff argues that Defendants induced Plaintiff to delay filing suit by holding him in jail where he would be beaten and afraid to take action, giving rise to an equitable estoppel claim.  The case Plaintiff cites for this theory does stand for the general proposition that "[e]stoppel means that a party is prevented by [its] own acts from claiming a right to the detriment of the other party who is entitled to rely on such conduct and has acted accordingly." *Certainteed Corporation v. United Pacific Insurance Company*, 762 P.2d 560, 564 (Ariz. Ct. App. 1988). *Certainteed Corporation,* however*,* is distinguishable on its facts. Defendants are not estopped because Plaintiff has not set forth facts to show that Defendants induced him to forego litigation.

Second, if a person is of "unsound mind" at the time his cause of action accrues, then the statute of limitations period is tolled until removal of the disability.  Ariz. Rev. Stat. Ann. § 12-541 (2006).  In Arizona, there are "two separate inquiries that may evince an unsound mind:  1) inability to manage daily affairs, and 2) inability to understand legal rights and liabilities." *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998).  But, "it is insufficient to summarily claim 'inability to bring the action.'" *Id*. at 951 (citing *Florez v. Sargeant*, 917 P.2d 250, 255 (Ariz. 1996)).  "The policy of protecting defendants against stale and fraudulent claims cannot be overcome by conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities." *Id*.  "The Plaintiff instead must set forth specific facts-hard evidence-supporting the conclusion of unsound mind." *Id.*

Plaintiff here has not set forth specific facts that support the conclusion that he was of "unsound mind"; Plaintiff has only made general allegations.  In an untimely attempt to

create a tolling issue, the Plaintiff filed an affidavit after the hearing on the motion for reconsideration.  The Plaintiff had knowledge of everything in the affidavit at the time he filed his Complaint, his Opposition to the motions to dismiss, and his motion for reconsideration.  The Court need not consider this late affidavit.  *See Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[1]

Third, for the previously mentioned reasons, the discovery rule does not toll the statute of limitations because Plaintiff reasonably had knowledge of his alleged injury and knew the identity of the Defendants on the date of his arrest and imprisonment.  Morever, Plaintiff does not state that he was unaware of the identity of Defendant Mario Gabaldon at the time of his arrest.[2]

Fourth, Plaintiff cites *Barrio v. San Miguel*, 692 P.2d 280 (Ariz. 1984), for the proposition that the physical limitations placed on him precluded him from effective access to the legal system, preventing him from pursuing his rights.  *Barrio* held that "a statute which requires a minor injured when below the age of seven to bring the action by the time he reaches the age of ten-regardless of his ability to do so, and without concern for the nature of his adult caretakers-does not provide reasonable alternatives."  *Id.* at 286.  The *Barrio*

---

[1]Even if the Court were to treat it as timely, the self-serving affidavit does not create a tolling issue.  The affidavit does not allege specific facts and hard evidence, but instead contains bald conclusions like the following: "I had absolutely no mental ability to take care of myself or my daily affairs, and was truly mentally incapacitated from any ability to proceed on a civil suit while incarcerated."  The court notes that a prisoner's ability to conduct his normal daily affairs is necessarily limited. And further notes that the question of Plaintiff's mental competence is a subject better suited for an expert's affidavit.

[2]Plaintiff's untimely affidavit, which the Court has noted it need not consider, states, " . . . I did not know [Gabaldon] had . . . conducted suggestive, inappropriate, improper, interviews with my daughter until shortly before my release from incarceration."  Plaintiff does not dispute knowing Gabaldon conducted an interview of Eden that, in part, led to Plaintiff's arrest and imprisonment.  The affidavit at most suggests that Plaintiff did not know the details of the interview until shortly before his release.  Merely stating that he did not know the specifics of the allegedly improper interview does not save Plaintiff's claim from the statute of limitations defense.

court found the statute before it unconstitutional because it abolished the action before it reasonably could be brought. *Id.* In this case, Plaintiff has come forth with no evidence to show that he was prevented from pursuing his rights. Plaintiff was not a minor; he was in jail. The statutes of limitations in question regulate the time to bring the action, they do not abrogate it.

Last, in responding to the Motions to Dismiss, Plaintiff simply makes, through his lawyer, unsworn assertions of what *might* be shown if only discovery could be pursued. This is pure speculation; Plaintiff is raising that which any other plaintiff in this situation might raise. Plaintiff cannot maintain his action based on mere speculation that some conduct he has not alleged might have occurred. Plaintiff's plea for discovery is without any showing that he has reason to believe it will uncover grounds for tolling. Thus, the statute of limitations was not tolled. Accordingly, the claims against Defendant Mario Gabaldon must be dismissed.

**Donna Gabaldon**

Defendant Donna Gabaldon is the spouse of Defendant Mario Gabaldon. Defendant Donna Gabaldon argues in her Motion to Dismiss that Plaintiff failed to serve her with a summons. Defendant Donna Gabaldon further argues that if Plaintiff is able to establish that he served a proper summons on her, then she joins in her husband's Motion to Dismiss.

The Court dismisses the claims against Defendant Donna Gabaldon for the same reasons that they were dismissed as to Defendant Mario Gabaldon; i.e., failure to comply with the applicable statutes of limitations.[3]

**Larayne Ness**

Plaintiff alleges that Defendant Larayne Ness was employed by Defendant Yavapai Family Advocacy Center. Plaintiff alleges that on September 23, 2003, Defendant Larayne

---

[3]In dismissing the claims against Defendant Donna Gabaldon, the Court has not reached the merits of her claim that Plaintiff failed to serve her with a summons.

Ness conducted a lengthy and suggestive interview of Eden during a forensic physical examination. Defendant Ness allegedly reported that Eden's hymen was almost entirely missing, which Ness claimed was conclusive physical evidence that Plaintiff had sexually abused Eden. Plaintiff, however, alleges that later examinations demonstrated that Eden's hymen was not only present, but that it fully blocked her vaginal opening. Plaintiff alleges that he discovered this new information shortly before the charges against him were dismissed. Plaintiff further alleges that Defendant Larayne Ness is a state actor under color of state law as that term is used in 42 U.S.C. § 1983.

Defendant Larayne Ness argues that the Amended Complaint fails to state a claim upon which relief can be granted for the following reasons: 1) she is immune from liability because she is a mandatory reporter under A.R.S. § 13-3620; 2) all claims are barred by limitations; 3) she is not a "state actor" as to the 42 U.S.C. § 1983 claim; and 4) it failed to properly allege any claim as to her. Plaintiff counters that: 1) Defendant Larayne Ness is not immune, for both legal and factual reasons, under the mandatory reporting statute; 2) all claims are not barred because this suit was timely filed; 3) she is a state actor because she acted in concert with and for the benefit of law enforcement for pay; and 4) the Amended Complaint adequately alleged common law claims against her.

## A.    Immunity under A.R.S. § 13-3620

First, under A.R.S. § 13-3620, Defendant Ness is immune from liability unless she "acted with malice." Ariz. Rev. Stat. Ann. § 13-3620 (2006). In the Amended Complaint, Plaintiff alleges that Defendant Larayne Ness's conduct was the product of malicious acts. Plaintiff therefore has sufficiently alleged that Defendant Larayne Ness acted with malice.

## B.    Statute of Limitations

Second, Plaintiff argues that his cause of action did not accrue, and hence the statute of limitations did not commence until sometime before October 8, 2004, when he discovered that Defendant Larayne Ness used false evidence against him. On these facts, application

1   of the diligence-discovery rule might be appropriate.  "The diligence-discovery rule is not

2   often applied outside the medical malpractice area, but it has been recognized that a plaintiff

3   who is 'blamelessly ignorant of the existence or cause of his injury should be accorded the

4   benefits of the more liberal accrual standard.'"  *Hedges v. Arizona Department of Public*

5   *Safety*, 893 F.2d 1338, 1990 WL 3134, *1 (9th Cir. 1990) (quoting *In re Swine Flu Products*

6   *Liability, Sanborn v. United States*, 764 F.2d 637, 639 (9th Cir. 1985)).  "[I]t would be

7   appropriate to apply the diligence-discovery rule 'where a plaintiff demonstrates that his

8   injury was inherently unknowable at the time he was injured.'" *Id.* (quoting *Barrett v. United*

9   *States*, 689 F.2d 324, 327 (2d Cir. 1982), *cert. denied Cattell v. Barrett*, 465 U.S. 1131

10  (1983)).

11       Plaintiff reasonably had knowledge of his alleged injury when he was arrested and

12  imprisoned, yet it was "inherently unknowable" at that time that Defendant Larayne Ness had

13  used false evidence against him.  Plaintiff did not discover this latent evidence until shortly

14  before the charges against Plaintiff were dismissed.  On these facts, the Court cannot say that

15  Plaintiff will not be able to demonstrate that the statute of limitations was tolled.

16  Accordingly, Plaintiff's claims against Defendant Larayne Ness are not barred by the statute

17  of limitations.  This ruling is without prejudice to Defendant Ness's re-urging the statute of

18  limitations defense on summary judgment

19       **C**.   **Joint Action**

20       Third, a bare allegation of joint action between private persons and state officials will

21  not overcome a motion to dismiss.  *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir.

22  2000).  Plaintiff has not presented factual allegations of joint action as to Defendant Larayne

23  Ness.  Thus, despite the liberal notice pleading standard, the Plaintiff's claim of joint action

24  cannot stand.  *See id.*  Nevertheless, the Court will grant Plaintiff leave to amend the

25  Amended Complaint to cure the deficiencies of Count Nine as to Defendant Larayne Ness.

26

27       **D.**   **Rule 12(b)(6)**

28

1       A court may not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt

2  that the plaintiff can prove no set of facts in support of his claims which would entitle him

3  to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)..  A motion to dismiss for

4  failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108

5  F.3d 246, 248-49 (9th Cir. 1997).  "All that is required are sufficient allegations to put

6  defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795,

7  798 (9th Cir. 1991).  Further, the Court must construe the facts alleged in the Complaint in

8  the light most favorable to Plaintiffs and the Court must accept all well-pleaded factual

9  allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless,

10  Plaintiffs must still meet the pleading requirements of Rule 8 of the Federal Rules of Civil

11  Procedure.  Under Rule 8, the claim must contain, "a short and plain statement of the claim

12  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(2).  Finally, the Court must

13  assume that all general allegations "embrace whatever specific facts might be necessary to

14  support them."  *Peloza v. Capistrano Unified School District*, 37 F.3d 517, 521 (9th Cir.

15  1994).

16       The Court has reviewed the Amended Complaint and finds that it does not appear

17  beyond doubt that Plaintiff cannot prove any facts in support of his claims that would entitle

18  him to relief. Because the rules require only allegations sufficient to put Defendants fairly

19  on notice of the claims against them, the Court finds that the allegations state a claim.

20  Accordingly, with respect to Defendant Larayne Ness, the motion is denied with respect to

21  the state law claims.

22                **Yavapai Community Hospital Association and Judy Denton**

23

24       Defendant Hospital is an Arizona non-profit corporation doing business as Yavapai

25  Regional Medical Center.  Plaintiff alleges that Defendant Judy Denton was employed by

26  said Hospital.  Plaintiff alleges that Defendant Judy Denton reviewed the photographs taken

27  by Defendant Larayne Ness and stated that she concurred with Ness's diagnosis.  Plaintiff

28  alleges that Defendant Hospital is vicariously responsible for the acts and omissions of

Defendant Judy Denton under the doctrine of *respondeat superior*.  Plaintiff further alleges that Defendants Hospital and Judy Denton are state actors under color of state law as that term is used in 42 U.S.C. § 1983.

### A.    42 U.S.C. § 1983

Defendants Hospital, Judy Denton, and John Doe Denton argue that they are not proper parties under 42 U.S.C. § 1983 because they are not state actors.  Plaintiff counters that a private person may be subject to liability under 42 U.S.C. § 1983 if they willfully participate in joint action with state officials to deprive others of constitutional rights.

As stated earlier in this Order, a bare allegation of joint action between private persons and state officials will not overcome a motion to dismiss. *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000).  Plaintiff has not presented factual allegations of joint action as to Defendants Hospital, Judy Denton and John Doe Denton.  Thus, despite the liberal notice pleading standard, the Plaintiff's claim of joint action cannot stand. *See id*.  This is without prejudice to Plaintiff, and Plaintiff is granted leave to amend the complaint to cure the deficiencies of Count Nine as to Defendants Hospital, Judy Denton and John Doe Denton.

### B.    Rule 12(b)(6)

Defendants Hospital, Judy Denton and John Doe Denton argue that the Amended Complaint fails to state a claim.  The Court has reviewed the Amended Complaint and finds that it does not appear beyond doubt that Plaintiff cannot prove any facts in support of his claims that would entitle him to relief.  Because the rules require only allegations sufficient to put Defendants fairly on notice of the claims against them, the Court finds that the allegations state a claim. Accordingly, with respect to Defendants Hospital, Judy Denton and John Doe Denton, the motion is denied with respect to the state law claims.

### III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (doc. #61) is GRANTED.

**IT IS FURTHER ORDERED** that the Court's previous Order of August 25, 2006, (doc. #57) is VACATED.[4]

**IT IS FURTHER ORDERED** that Defendant State of Arizona's Motion to Dismiss (doc. #16) is GRANTED without prejudice.

**IT IS FURTHER ORDERED** that Defendant Mario Gabaldon's Motion to Dismiss (doc. #22) is GRANTED with prejudice.

**IT IS FURTHER ORDERED** that Defendant Donna Gabaldon's Motion to Dismiss (doc. #46) is GRANTED with prejudice.

**IT IS FURTHER ORDERED** that Defendant Larayne Ness's Motion to Dismiss (doc. #42) is DENIED IN PART and GRANTED IN PART.  With respect to the state law claims, the motion is denied without prejudice to re-urge the statute of limitations defense on summary judgment.  With respect to Count Nine of Plaintiff's Amended Complaint, Defendant Larayne Ness is dismissed, with leave to amend, and, accordingly,

**IT IS FURTHER ORDERED** that Plaintiff will be given 20 days to cure the deficiencies of Count Nine of his Amended Complaint as to Defendant Larayne Ness.

**IT IS FURTHER ORDERED** that Defendants Hospital, Judy Denton, and John

---

[4]The Court's previous Order of August 25, 2006, dismissed defendants that had not filed motions to dismiss.  Because the Court is vacating the August 25, 2006 Order, those Defendants remain in the case.

Doe Denton's Motion to Dismiss (doc. #19) is DENIED IN PART and GRANTED IN PART.  With respect to the state law claims, the motion is denied.  With respect to Count Nine of Plaintiff's Amended Complaint, Defendants Hospital, Judy Denton and John Doe Denton are dismissed, with leave to amend, and, accordingly,

**IT IS FURTHER ORDERED** that Plaintiff will be given 20 days to cure the deficiencies of Count Nine of his Amended Complaint as to Defendants Hospital, Judy Denton, and John Doe Denton.

DATED this 6th day of December, 2006.

_____

James A. Teilborg
United States District Judge