**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Ramsey,<br><br>        Plaintiff,<br><br>vs.<br><br>State of Arizona, et al,<br><br>        Defendant. | No. CV 05-3130-PCT-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Reconsider Court's Ruling With Regard to the Statute of Limitations (Doc. #78) and Defendants State of Arizona and Mario Gabaldon's Response to Plaintiff's Motion to Reconsider and Motion to Dismiss Second Amended Complaint (Docs. #83 & 84). The Court now rules on the motions.

**I.   PROCEDURAL HISTORY**

The Court granted Defendant Mario Gabaldon's Motion to Dismiss in an Order dated August 24, 2006 (Doc. #57). The Court dismissed the state law claims against Gabaldon because Plaintiff failed to serve a notice of claim on Gabaldon as required by A.R.S. §12-821.01. The Court dismissed Plaintiff's §1983 civil rights claims against Gabaldon for failure to file within the two-year statute of limitations. Plaintiff filed a Motion to Reconsider the Court's dismissal of Gabaldon and the other defendants on September 17, 2006 (Doc. #61). The Court denied the motion on September 21, 2006 (Doc. #63), then vacated that Order (Doc. #64) and set a briefing schedule for the Motion to Reconsider and a hearing on the motion (Doc. #65).

In its December 6, 2006 Order (Doc. #75), the Court granted the Motion for Reconsideration and vacated its August 24, 2006 Order. The Court's December 6 Order

1  granted Mr. Gabaldon's Motion to Dismiss with prejudice.  The Court dismissed both the
2  state law claims and the §1983 civil rights claims against Mr. Gabaldon for failure to file
3  within the applicable statute of limitations.[1]  The Court dismissed the claims against Mrs.
4  Gabaldon for the same reason and explicitly stated that it had not considered the merits of
5  Mrs. Gabaldon's failure to serve argument.  The Court also dismissed the claims against the
6  State of Arizona based on Eleventh Amendment immunity grounds.

7  On December 28, 2006, Plaintiff filed a Motion to Reconsider Court's Ruling with
8  Regard to the Statute of Limitations (Doc. #78).  Plaintiff asks the Court to reconsider its
9  dismissal on statutes of limitations grounds of the claims against the Gabaldons.  Defendants
10 State of Arizona and Mario Gabaldon filed a response to the motion to reconsider that also
11 includes a Motion to Dismiss the Second Amended Complaint.

## II. LEGAL ANALYSIS AND CONCLUSION

Before reaching the merits of Plaintiff's motion, the Court will address briefly Defendants' argument that the motion is moot given Plaintiff's stated intention to dismiss the claims against Mr. Gabaldon in federal court.  Counsel for Defendants State of Arizona and Mr. Gabaldon claim that Plaintiff's counsel told them that he would drop the federal case against the State of Arizona and Mr. Gabaldon in favor of pursuing the state court action. In his reply in support of the motion to reconsider (Doc. #85), however, Plaintiff stated that he would not drop his federal case against Defendants if the Court does not grant the relief requested in the motion.  The Court therefore must consider the merits of Plaintiff's motion.

Plaintiff makes two arguments for relief from the Court's dismissal of the claims against the Gabaldons. First, Plaintiff claims that the Court erred in dismissing all the claims against the Gabaldons because Plaintiff presented evidence outside the pleadings that demonstrated the Court could not resolve the case on a Rule 12(b)(6) motion. Namely, Plaintiff argues the factual allegations in the pleadings and the affidavit he submitted after

---

[1] The Court did not mention the failure to file a notice of claim in the December 6 Order.

- 2 -

his first motion to reconsider support equitable tolling of the statute of limitations. Plaintiff's second argument relates specifically to the state law claim for malicious prosecution. Plaintiff contends the Court erred in dismissing that claim because the statute of limitation did not begin to run until his release from jail.

### A. EQUITABLE TOLLING

To support his equitable tolling argument, Plaintiff relies primarily on an affidavit filed nearly two months after he filed his first motion for reconsideration and one week after the hearing on that motion. Plaintiff waited that long to file the affidavit, even though he had knowledge of everything in it at the time he filed his Complaint, his Opposition to the motions to dismiss, and his first Motion to Reconsider. The Court need not and will not consider the untimely affidavit. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). For all the reasons stated on pages 6-8 of the Court's December 6, 2006 Order, the factual averments in the Complaint do not create a tolling issue. The Court affirms its earlier ruling on this point.

### B. MALICIOUS PROSECUTION

#### 1. State Claim

Plaintiff raises a valid argument regarding the running of the statute of limitation on his state malicious prosecution claim. In Arizona, a claim for malicious prosecution does not accrue until the prosecution terminates in the plaintiff's favor. *Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004). The plaintiff must file the claim within one year of accrual. A.R.S. §12-541. The charges against Plaintiff were dismissed on October 7, 2004. Plaintiff filed this action on October 6, 2005. Plaintiff therefore timely filed his malicious prosecution claim against Mr. Gabaldon.[2]

Although the Court erred in dismissing the malicious prosecution claim on statute of limitations grounds, the dismissal stands on other grounds. In its August 24 Order (Doc. #57), the Court dismissed all the state law claims against the Gabaldons for failure to serve

---

[2]This ruling applies only to the malicious prosecution claim.

1  a notice of claim. The Court did not mention that defense in its December 6 Order (Doc.
2  #75), which vacated the earlier order. On reconsideration, the Court dismisses all the state
3  claims against the Gabaldons for failure to serve a notice of claim - in addition to dismissing
4  all state claims, except the malicious prosecution claim, for failure to file within the
5  applicable limitations period.

6  Arizona law requires persons who have claims against a public entity or a public
7  employee, like Mr. Gabaldon, to file a notice of claim with the person authorized to accept
8  service within 180 days after the cause of action accrues. A.R.S. §12-821.01. If the person
9  sues both the public employer and employee, the person must serve a notice of claim on the
10 individual as well as the employer. *Johnson v. Superior Court*, 763 P.2d 1382, 1382-85
11 (Ariz. Ct. App. 1988).

12 Plaintiff did not serve a notice of claim on Mr. Gabaldon as required by A.R.S. §12-
13 821.01. Plaintiff claims his failure to serve notice on Mr. Gabaldon resulted from excusable
14 neglect because, as a pro se claimant, he did not understand the requirements of the statute.
15 He relies on *Pritchard v. State*, 788 P.2d 1178, 1181 (Ariz. 1990) in arguing that "because
16 compliance with §12.821[.01] is not jurisdictional, issues of excusable neglect or
17 incompetence under the statute are to be resolved like any other disputed issue of fact in the
18 case." (Doc. #85, p.7) (quoting *Pritchard*, 788 P.2d at 1181). *Pritchard*, however, was
19 decided under a prior version of the statute that specifically included an exception for
20 excusable neglect; hence the language, "excusable neglect or incompetence *under the*
21 *statute*." *Id.* (emphasis added). The Arizona legislature has since repealed that provision.
22 The current statute does not contain an exception for excusable neglect.

23 Even if an exception for "excusable neglect" somehow still exists, Plaintiff's proffered
24 reason for failure to serve Mr. Gabaldon would not fall under such an exception. A pro se
25 claimant's inability to comply with legal requirements does not constitute excusable neglect.
26 *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(rejecting petitioner's argument
27 that his ignorance of the law robbed him of the ability to fend for himself in court and that
28 his failure to timely file should therefore be viewed as "excusable neglect," and stating, "it

1 is well established that ignorance of the law, even for an incarcerated pro se petitioner,
2 generally does not excuse prompt filing.").

3 Because Plaintiff did not serve a notice of claim on Mr. Gabaldon as required by
4 A.R.S. §12-821.01, the Court's dismissal of the state malicious prosecution claim against the
5 Gabaldons stands.

### 2. §1983 claim

Plaintiff has not argued specifically for reconsideration of the dismissal of his §1983 malicious prosecution claim on the same basis he has argued for reconsideration of the state claim, but the Court's finding on the accrual of the state claim for malicious prosecution necessitates discussion of the federal claim. Like the state claim, Plaintiff's §1983 claim for malicious prosecution accrued, at the earliest, when he was released from jail. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002). Consequently, dismissal of the §1983 claim for malicious prosecution on statute of limitations grounds was inappropriate.

Also like the state claim, however, independent grounds for dismissal of the federal claim exist. Plaintiff sued Mr. Gabaldon in his individual and official capacities for purposes of the §1983 claims. Mr. Gabaldon has Eleventh Amendment immunity for the §1983 claims against him in his official capacity. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Additionally, he has absolute immunity for the federal malicious prosecution claim against him in his individual capacity.

Social workers, like Mr. Gabaldon, have absolute immunity from §1983 suits for their discretionary, quasi-prosecutorial actions. *See Miller v. Gammie*, 335 F.3d 889, 895-99 (9th Cir. 2003). In *Miller*, the Ninth Circuit addressed the scope of immunity from §1983 claims enjoyed by social workers. *Id.* The *Miller* court found that social workers enjoy absolute immunity for discretionary, quasi-prosecutorial actions, but only qualified immunity for discretionary decisions and recommendations that "are not functionally similar to prosecutorial or judicial decisions." *Id.* at 898. By definition, a malicious prosecution claim

proceeds against a social worker for his quasi-prosecutorial actions. Mr. Gabaldon therefore has absolute immunity for the §1983 malicious prosecution claim.

On reconsideration, the Court affirms its dismissal of all claims, except the state and federal malicious prosecution claims, for failure to file within the applicable statute of limitations. The Court additionally dismisses all state claims, including the malicious prosecution claim, for failure to comply with A.R.S. §12-821.01. Finally, the Court dismisses the §1983 malicious prosecution claim based on Mr. Gabaldon's absolute immunity.

Accordingly,

IT IS ORDERED GRANTING Plaintiff's Motion for Reconsideration (Doc. #78), but denying all relief requested.

IT IS FURTHER ORDERED DENYING the State of Arizona and Mario Gabaldon's Motion to Dismiss Second Amended Complaint (Doc. #84) as moot because the Court's earlier dismissal of the State of Arizona and Mr. and Mrs. Gabaldon stands. The Clerk of the Court shall terminate the State of Arizona and Mr. and Mrs. Gabaldon from the case.

DATED this 12th day of March, 2007.

James A. Teilborg
United States District Judge